Roberto Robledo (SBN 260041)
LAW OFFICES OF ROBERTO ROBLEDO
3919 30th Street
San Diego, California 92104
(619) 500-6683
(619) 810-2980 fax
roberto@robertorobledo.com

Attorneys for Plaintiff Gerardo Arenas

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Gerardo Arenas**, an individual, | Case No. '26CV0023 AJB MSB |
| Plaintiff, | |
| v. | **Complaint** |
| **ABC Legal Services, LLC**, | Jury Trial Demanded |
| Defendant. | |

## Introduction

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. Gerardo Arenas ("Plaintiff"), brings this action for damages and any other available legal or equitable remedies, resulting from the illegal actions of ABC

Legal Services, LLC. ("Defendant"), and their agents with regard to attempts by Defendant, a debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, causing Plaintiff damages.

3. For purposes of this Complaint, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of Defendant named in this caption.

## Jurisdiction and Venue

4. Jurisdiction of this Court arises under 28 U.S.C. § 1331, pursuant to 15 U.S.C. § 1692k(d), and 28 U.S.C § 1367 for pendent state law claims.

5. This action arises out of Defendant's violations of the following: the Fair Debt Collection Practices Act, 15 U.S.C. § 1691 et seq. ("FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("RFDCPA").

6. Venue is proper in this District pursuant to 28 U.S.C § 1391(b) in that Defendant regularly transacts business in this District and all of Plaintiff's allegations against Defendant as described herein occurred in this District.

## Parties

7. Plaintiff is a natural person who at all material times pertinent hereto resided in Southern California and was allegedly obligated to pay a debt and is a "consumer" as that term is defined by 15 U.S.C § 1692a(3).

8. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was alleged to be due and owing from Plaintiff and is a "debtor" as the term is defined by Cal. Civ. Code § 1788.2(h).

9. Defendant is a limited liability company formed under the laws of Washington. Defendant's principal address is 1099 Steward St., Suite 700, Seattle, WA 98101.

10. Defendant is regularly engaged in the business of indirectly collecting consumer debts by assisting other debt collectors to file and maintain civil debt collection lawsuits and to obtain default judgments in those cases by utilizing the U.S. Mail, telephone, and internet. Defendant regularly collects, directly or indirectly, consumer debts alleged to be due to third parties via U.S. Mail, telephone, internet, and civil debt collection lawsuits. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6). Defendant engages in debt collection as that term is defined by Cal. Civ. Code § 1788.2(b), and are "debt collectors" as that term is defined by Cal. Civ. Code § 1788.2(c)

11. Defendant is not exempt from the FDCPA under 15 U.S.C. § 1692a(6)(D). See *Freeman v. ABC Legal Servs. Inc.*, 827 F. Supp. 2d 1065 (N.D. Cal. 2011); *Ansari v. Elec. Document Processing Inc.*, No. 5:12-CV-01245-LHK, 2013 WL 4647621 (N.D. Cal. Aug. 29, 2013); *Long v. Nationwide Legal File & Serve, Inc.*, No. 12-CV-03578-LHK, 2013 WL 5219053 (N.D. Cal. Sept. 17, 2013). Specifically, when a process server files a false service of process, their actions "take[...]them beyond their role as process servers and render [...] them ineligible for the [process server] exception." *Spiegel v. Judicial Atty. Servs.*, No. 09-7163, 2011 WL 382809, at *1 (N.D.Ill. Feb. 1, 2011); *Ansari*, 2013 WL 4647621 at *7; *Picard v. Abc Legal Servs., Inc.*, Case No. 5:14-cv-04618-RMW (N.D. Cal. Jun 01, 2015); *Avina v. Patenaude, APC*, Case No. 20-cv-00166-BAS-MDD at 13-14 (S.D. Cal. Mar 09, 2021).

12. Plaintiff has suffered a concrete injury in fact that is fairly traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.

## Factual Allegations

13. Plaintiff is informed and believes, and thereon alleges, at all times relevant, Defendant was a California registered process server and conducted business in the State of California.

14. Plaintiff allegedly incurred a financial obligation to JPMorgan Chase Bank, N.A. for a revolving line of credit in the form of an Amazon branded consumer credit card that were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt(s)" as that term is defined by Cal. Civ. Code § 1788.2(d) and a "consumer debt" as that term is defined by Cal. Civ. Code § 1788.2(f).

15. These alleged financial obligations were primarily for personal, family or household purposes, more specifically, personal living expenses, and are therefore "debt(s)" as that term is defined by 15 U.S.C § 1692a(5).

16. On January 2, 2025, a civil action was filed in the Superior Court of California, County of San Diego, seeking to collect the alleged consumer debt described above (the "Debt Collection Action").

17. The filing and prosecution of the Debt Collection Action constituted an attempt to collect a consumer debt.

18. In connection with the Debt Collection Action, Defendant was retained to effect service of process so that the action could proceed against Plaintiff.

19. Service of process in the Debt Collection Action was a necessary step to advance the collection of the alleged consumer debt, including to trigger response deadlines and expose Plaintiff to the risk of default judgment.

20. On or about January 3, 2025, Defendant executed a Proof of Service of Summons in connection with the Debt Collection Action.

21. The Proof of Service was subsequently filed with the court on or about January 9, 2025.

22. The Proof of Service was signed by Defendant's agent, Oscar Valdez, a registered California process server with Registration No. 3793.

23. Defendant's agent, Mr. Valdez, signed the Proof of Service, on behalf of himself and Defendant under penalty of perjury under the laws of the State of

California that the information [in the Proof of Service] is true and correct. A true and correct copy of the Proof of Service is attached hereto as Exhibit "A".

24. In the Proof of Service, Defendant declared under penalty of perjury that personal service was effected at Plaintiff's residence located at 1825 Onyx Lane, Chula Vista, California, on January 3, 2025, at 5:41 p.m. An excerpt of that Proof of Service is provided below.

> 4. Address where the party was served:
>    1825 ONYX LN, CHULA VISTA, CA 91915-3212
>
> 5. I served the party (check proper box)
>    a. [X] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*: **01/03/2025** at *(time)*: **5:41 PM**
>    GERARDO ARENAS, I delivered the documents to GERARDO ARENAS with identity confirmed by subject stating their name. The individual tried to refuse service by refusing to take documents and questioned accuracy of documents (documents left, seen by subject). The individual appeared to be a black-haired Hispanic male contact 35-45 years of age, 5'6"-5'8" tall and weighing 160-180 lbs with an accent.

See Exhibit A for a copy of the complete Proof of Service.

25. The Proof of Service further represented that:
    - The summons and complaint were personally delivered to Plaintiff;
    - Plaintiff confirmed his identity by stating his name;
    - Plaintiff attempted to refuse service by refusing to take the documents and questioning their accuracy, which were allegedly left and "seen by subject.";
    - Plaintiff appeared to be a black-haired Hispanic male contact 35-45 years of age, 5'6"-5'8" tall and weighing 160-180 lbs; and
    - Plaintiff spoke with an accent.

    See Exhibit A.

26. These representations were material because they purported to establish that Plaintiff had been properly served and that the Debt Collection Action could proceed against him as though he had received notice and an opportunity to respond.

27. The representations contained in the Proof of Service were false.

28. Plaintiff was not personally served with the summons and complaint on January 3, 2025, at 5:41 p.m., or at any other time.

29. At the precise date and time personal service was claimed to have occurred, Plaintiff was not present at his residence, but was instead at work at his employer's office.

30. Plaintiff's residence is equipped with a doorbell camera system that senses and records activity occurring at the front of the property.

31. Doorbell camera footage from January 3, 2025, shows Defendant arriving at the residence at approximately 5:37 p.m., remaining briefly on the front walkway, and then departing the property without any interaction with an occupant.

32. True and accurate screenshots taken from the doorbell camera footage are attached hereto as Exhibit "B".

33. The camera footage contains a running date and time stamp on the lower right-hand corner of the recording which is captured in the screenshots and demonstrates the actual date and time of the events in the recording.

34. Exhibit B contains four screenshots from the January 3, 2025 doorbell camera footage recording revealing Defendant's activities.

- The first screenshot at 5:37 PM shows Defendant ringing the doorbell.
- The second screenshot at 5:40 PM shows the Defendant waiting at the door and typing on his phone.
- The third screenshot at 5:40 PM shows Defendant leaving the Summons and Complaint for the Debt Collection Action on the ground outside the front door.
- The fourth and final screenshot at 5:41 PM (the time Defendant alleges the personal service occurred) shows Defendant walking away from Plaintiff's residence, having never seen or spoken to anyone at the residence.

35. The footage does not show:
- Plaintiff answering the door;

Complaint—6

- Any personal interaction between Defendant, Plaintiff or any other resident;
- Any identity confirmation by Plaintiff; or
- Any refusal of service by Plaintiff.

36. Because Plaintiff was not present and no interaction occurred, it was impossible for personal service to have been effected as represented in the Proof of Service.

37. The objective video evidence directly contradicts the sworn statements made in the Proof of Service.

38. The objective video evidence supports the conclusion that the interaction described in the Proof of Service including Plaintiff's appearance, identity confirmation, and alleged accent did not occur.

39. After learning that a Proof of Service falsely represented that he had been personally served, Plaintiff took reasonable steps to address and resolve the issue without court intervention.

40. On April 29, 2025, Plaintiff prepared and sent a written letter to counsel prosecuting the Debt Collection Action explaining that he had not been personally served and identifying factual inconsistencies in the Proof of Service.

41. In preparing and sending the April 29, 2025 letter, Plaintiff:
- Took time out of his day to write a written explanation of the false service;
- Used his personal printer, ink, paper, and envelope;
- Drove to the post office, causing wear and tear on his vehicle and the expenditure of gasoline; and
- Purchased postage to mail the letter.

42. Plaintiff undertook these efforts in a good-faith attempt to resolve the false service issue and to prevent further harm caused by the inaccurate Proof of Service.

43. Despite Plaintiff's efforts, the Proof of Service falsely representing personal service remains on file in the Debt Collection Action.

44. To Plaintiff's knowledge, no steps have been taken to withdraw, correct, or amend the false Proof of Service, nor has the court been notified that the Proof of Service contains false representations.

45. As a result, the false Proof of Service continues to create the appearance that Plaintiff was properly served and failed to respond, exposing him to the ongoing risk of default, waiver of defenses, and adverse judicial action.

46. The filing and maintenance of a false Proof of Service constituted a deceptive, unfair, and unconscionable means of attempting to collect a consumer debt.

47. As a direct and proximate result of Defendant's conduct, Plaintiff suffered actual damages, including but not limited to time expended, out-of-pocket expenses associated with preparing and mailing the April 29, 2025 letter, emotional distress, and the need to take further steps to protect his legal rights.

48. The filing of a sworn Proof of Service containing demonstrably, and unquestionably false information violates numerous provisions of the FDCPA and is the type of conduct the FDCPA was intended to address.

49. The execution and filing of a sworn Proof of Service containing demonstrably false factual representations is unlawful conduct and not protected petitioning activity.

50. Defendant's filing of the Proof of Service containing false information as described herein was therefore an illegal effort to collect an alleged debt in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692e, 1692e(2) 1692e(10), and 1692f, amongst others.

51. Cal. Civ. Code § 1788.17 incorporates the above referenced sections of the FDCPA into the RFDCPA. Therefore, by violating 15 U.S.C. §§ 1692e,

1692e(2), 1692e(10), and 1692f, Defendant's conduct also violated Cal. Civ. Code § 1788.17.

52. The above-described collection conduct by Defendant in its efforts to collect this alleged debt from Plaintiff were oppressive, deceptive, misleading, unfair and illegal communications in an attempt to collect this alleged debt, all done in violation of numerous and multiple provisions of the FDCPA.

53. These collection actions taken by Defendant, and their agents, were made in violation of multiple provisions of the FDCPA and RFDCPA, including but not limited to all of the provisions of the FDCPA and RFDCPA cited herein.

54. These violations by Defendant were knowing, willful, negligent and/or intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

55. Defendants collection efforts with respect to this alleged debt from Plaintiff, which caused Plaintiff to suffer concrete and particularized harm because the FDCPA provides Plaintiff with the legally protected right to be treated fairly and truthfully with respect to any action for the collection of any consumer debt.

56. Defendant's conduct deprived Plaintiff of his statutory right to truthful, non-deceptive debt collection practices, a harm the FDCPA and RFDCPA were enacted to prevent.

57. Defendant's deceptive, misleading and unfair representations with respect to its service of process were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond and participate in the Debt Collection Action because Plaintiff was never properly served.

### *Respondeat Superior Liability*

58. The acts and omissions herein of the individuals employed to collect debts by Defendant, and the other debt collectors employed as agents of Defendant who executed and filed the Proof of Service in the Debt Collection Action with

Plaintiff as further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant.

59. The acts and omissions by these individuals and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant in collecting consumer debts.

60. By committing these acts and omissions against Plaintiff, these individuals and these other debt collectors were motivated to benefit their principal, Defendant.

61. Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees and agents, including but not limited to violations of the FDCPA and RFDCPA in its attempts to collect this debt from Plaintiff.

**First Claim for Relief—Violations of the Fair Debt Collections Practices Act 15 USC § 1692 *et seq*.**

62. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

63. The foregoing acts and omissions of Defendant constitutes numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 USC § 1692 *et seq*.

64. As a result of each and every one of Defendant's violations of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

**Second Claim for Relief—Violation of the Rosenthal Fair Debt Collection Practices Act §§ 1788-1788.32 (RFDCPA)**

65. Plaintiff re-alleges and incorporates by reference the above paragraphs as though set forth fully herein.

66. The foregoing acts and omissions of Defendant constitutes numerous and multiple violations of the RFDCPA, including but not limited to each and every one of the above-cited provisions of Cal. Civ. Code §§ 1788-1788.32.

67. As a result of Defendant's violations of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant.

## Prayers for Relief

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant as follows:

### Fair Debt Collection Practices Act

1. an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) in an amount to be adduced at trial, from Defendant;
2. an award of maximum statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), from Defendant;
3. an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

### Rosenthal Fair Debt Collection Practices Act

4. an award of actual damages pursuant to Cal. Civ. Code § 1788.30(a) in an amount to be adduced at trial, from Defendant;
5. an award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b), from Defendant;

6. an award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c), from Defendant; and

7. for such other and further relief as may be just and proper.

## Trial By Jury

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands a trial by jury.

Dated:   January 3, 2026.          Law Offices of Roberto Robledo

*/s/ Roberto Robledo*

Attorneys for Plaintiff

Complaint—12